IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**WALTER C. SMITH, III,
CORA WILLIAMS, and
JOHN CROCKRAN,**

    **Defendants.**                                 **Case No. 06-cr-30070-DRH**

### ORDER

**HERNDON, District Judge:**

       By way of Superceding Indictment (Doc. 29) both Williams and Crockran became party defendants in this case, on September 27, 2006. Now before the Court are two separate Motions requesting a continuance of the trial date, filed by defendant Williams (Doc. 65) and defendant Crockran (Doc. 66). Trial for these two Defendants is currently scheduled for Monday, November 27, 2006.[1] Defendant Smith is currently scheduled for trial on January 8, 2007.

       In her Motion (Doc. 65), defendant Williams states that she has only just recently been able to meet with her attorney, as he was appointed on October 3, 3006 and they first met on October 6, 2006. Therefore, more time is requested so that

---

[1] The trial date was different than the trial date for defendant Smith, as compliance with the Speedy Trial Act was necessary for defendants Williams and Crockran; defendant Smith had previously continued his trial date, excluding time under the Speedy Trial Act. *See* Doc. 26 - September 27, 2006 Order granting continuance in order for the parties to prepare for trial in light of Superceding Indictment.

defendant Williams may properly review discovery materials and otherwise prepare her defense. Her Motion also states that the Government does not oppose such a continuance. Defendant Crockran, in his Motion (Doc. 66), indicates that he intends to enter into a plea agreement with the Government, but that additional time is necessary for the parties to work out the specific details of the agreement. He also states that the Government does not oppose such a continuance.

In light of the fact that defendant Williams was recently appointed counsel, it is in the interests of justice to allow her counsel reasonable time for effective preparation – to deny this would result in a miscarriage of justice, as it is not contested her counsel has acted with anything other than due diligence in preparing for trial since the time of his appointment to this matter. Therefore, a continuance is necessary. Additionally, defendant Crockran has indicated he wishes to plead to the charges in this case – which, if possible, every criminal defendant should have a right to elect this option. If the Court were to deny a continuance in the light of the ongoing plea negotiations, this could severely impact the outcome of these discussions which would be a manifest miscarriage of justice. Therefore, the Court finds that a continuance is necessary.

In consideration of these factors above, the Court finds that a continuance of trial in respect to both defendant Williams and defendant Crockran is necessary in order to avoid a miscarriage of justice. Therefore, the Court being fully advised in the premises also finds, pursuant to **18 U.S.C. § 3161(h)(8)(A)**, that the ends of justice served by the granting of such continuance outweighs the best

interests of the public and Defendants in a speedy trial. Therefore, the Court **GRANTS** both defendant Williams Motion to Continue (Doc. 65) and defendant Crockran's Motion to Continue (Doc. 66). The Court **CONTINUES** the jury trial scheduled for Monday, November 27, 2006 to **Monday, January 8, 2007 at 9:00 a.m.** Now, all three Defendants in this case will be tried on the same date. The time from the date defendant Williams's original Motion (Doc. 65) was filed, November 16, 2006, until the date to which the trial is rescheduled, January 8, 2007, is excludable time for the purposes of speedy trial.

**IT IS SO ORDERED.**

Signed this 27th day of November, 2006.

/s/      David    RHerndon
**United States District Judge**